KIS, S.A., PMI Photomagic, Ltd.,
and Image Dynamics, LLC,
Plaintiffs–Appellants,

v.

FOTO FANTASY, INC. (doing business
as Fantasy Entertainment, Inc.) and
American Photo Booths, Inc., Defen-
dants–Cross Appellants.

Nos. 02–1263, 02–1264.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 28, 2003.

Before CLEVENGER, GAJARSA, and
PROST, Circuit Judges.

PROST, Circuit Judge.

KIS, S.A., PMI Photomagic, Ltd., and
Image Dynamics, LLC (collectively "Pho-
tomagic") appeal from an order of the
United States District Court for the
Northern District of Texas, 3:99–CV–1356–
M, which granted partial summary judg-
ment in favor of Foto Fantasy, Inc. and
American Photo Booths, Inc. (collectively
"Foto Fantasy"), holding that Foto Fanta-
sy did not infringe claim 1 of U.S. Patent
No. 5,539,453 ("the '453 patent"). Because
we conclude that the district court erred in
its claim construction, we *vacate* and *re-
mand.* Also, in light of our disposition of
Photomagic's appeal, we *dismiss* as moot
Foto Fantasy's cross-appeal of the district
court's denial of attorney fees.

I

The invention of the '453 patent is an
apparatus described as "a photographic
self-portrait installation, such as an auto-
mated photo booth that is capable of creat-
ing personalized photographs" in which the
user's image is combined with a "comput-
er-digitised image." As explained in the
written description, the invention allows
the creation of "personalized" or "fun"
photographs that depict the user in various
settings such as "behind the bars ... of a
cage housing a tiger." As further set out
in the written description, "a first monitor"
is provided "for reproducing a real time
image of the user," thus allowing the user
to adopt a suitable pose. From this real-
time image, "[a] frozen ... image of the

user is created at the instigation of the user," and "the frozen image [is] reproduced on the second monitor as a background with the selected choice of the computer-digitised image as a foreground." If the frozen composite image is "acceptable to the user," the user may choose to print it. "If, however, the frozen montage is unacceptable, it can be released and the user can reselect a montage of acceptable form for subsequent printing."

The main issue before the district court involved whether claim 1 should be construed such that the "first monitor" and "second monitor" perform their ascribed functions simultaneously. Claim 1 of the '453 patent, in relevant part, requires:

A photographic self-portrait installation comprising a video-photo installation including a video-photo installation including a video camera for viewing a subject user, characterized by a first monitor for reproducing a real time image of the user as a background on the monitor screen, ... [and] a second monitor for displaying a composite of a user-created frozen real time image as a background and at least one user-selected computer-digitised image from the memory store as a foreground, ...

The district court set forth its partial claim construction in a verbal ruling during an October 18, 2001, hearing on cross-motions for summary judgment. At that hearing, the court stated its conclusion that "the claim limitations require two monitors which display different images at the same time: a real time image on the first monitor and a frozen image on the second monitor." In a subsequent order dated October 31, 2001, the district court granted summary judgment as to the patent infringement claim in favor of Foto Fantasy "for the reasons stated by the Court in its rulings during the October 18, 2001 hearing."

Photomagic has timely appealed to this court, principally challenging the district court's claim construction. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

### A

This court reviews without deference a district court's grant of summary judgment. *Cortland Line Co. v. Orvis Co.*, 203 F.3d 1351, 1355 (Fed.Cir.2000); *Ethicon Endo–Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d 1309, 1315, 47 USPQ2d 1272, 1275 (Fed.Cir.1998). A district court's claim construction is a question of law which we review *de novo*. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456, 46 USPQ2d 1169, 1174 (Fed. Cir.1998) (*en banc*).

### B

The principal and dispositive issue on appeal involves the district court's partial claim construction, which requires that the first and second monitors display "different images at the same time." Photomagic contends in this appeal that the district court improperly imported a limitation derived from the embodiment described in the specification into claim 1 because the "temporal and functional 'time reference'" limitation at issue has no basis in the claim language or written description.

The district court—relying in part on the written description—concluded that, if claim 1 were not construed such that the claimed "first monitor" and "second monitor" did not perform their functions simultaneously, the second monitor would be rendered superfluous. Thus, to avoid a claim construction in which "the second monitor, in effect, has no function separate from the first," the district court ruled that "in light of the specifications as well as a

review of the other claims ... the claim limitations require two monitors which display different images at the same time: a real image on the first monitor and a frozen image on the second monitor."

## C

This court has frequently described certain fundamental principles governing the process of claim construction. "The starting point for any claim construction must be the claims themselves." *Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1305, 51 USPQ2d 1161, 1165 (Fed. Cir.1999). After reviewing the claim language, it is then appropriate for a court to consider the rest of the intrinsic evidence, beginning with the specification and concluding with the prosecution history, if in evidence. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582, 39 USPQ2d 1573, 1576 (Fed.Cir.1996) (citation omitted); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979, 34 USPQ2d 1321, 1329 (Fed.Cir.1995) (noting rule that claims be read in view of the specification). However, "[i]f the claim language is clear on its face, then [a court's] consideration of the rest of the intrinsic evidence is restricted to determining if a deviation from the clear language of the claims is specified." *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331, 59 USPQ2d 1401, 1406–07 (Fed.Cir.2001). Finally, we have frequently emphasized the rule that "[p]articular embodiments appearing in a specification will not be read into the claims when the claim language is broader than such embodiments." *Electro Med. Sys. S.A. v. Cooper Life Sci.*, 34 F.3d 1048, 1054, 32 USPQ2d 1017, 1021 (Fed.Cir. 1994); *see also Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1347, 49 USPQ2d 1199, 1203 (Fed.Cir.1998) ("[A] court may not import limitations from the written description into the claims.").

## D

Beginning by considering the claim language, we cannot discern in the express language of claim 1 any requirement that the respective functions of the first and second monitor be performed simultaneously. Nor can we discern any ambiguity or lack of clarity in the language of claim 1 sufficient to necessitate resort to the written description. Accordingly, our consideration of the written description is appropriately restricted "to determining if a deviation from the clear language of the claims is specified." *Interactive Gift Express*, 256 F.3d at 1331, 59 USPQ2d at 1406–07.

Turning to the specification, we address Foto Fantasy's contention that the language used to describe the claimed invention required the district court to import a temporal limitation. Foto Fantasy relies on language from the written description which states that the claimed invention "gives the user versatile control over its operation and the resultant print, the user being able to select and reselect the real time image to be recorded and to select and reselect the digitized image prior to the ultimate decision to print the resulting montage." Foto Fantasy argues that "in order to achieve these asserted advantages and allow this comparison, the booth must have two monitors, each of which displays a different image, one being the real time image and the other being the frozen composite image." While acknowledging the general rule forbidding the importation of limitations from the description of the preferred embodiment, Foto Fantasy urges application of the narrow exception that states "when the preferred embodiment is described in the specification as the invention itself, the claims are not necessarily entitled to a scope broader than that embodiment" (quoting *Modine Mfg. Co. v.*

*United States Int'l Trade Comm'n,* 75 F.3d 1545, 1551, 37 USPQ2d 1609, 1612 (Fed.Cir.1996)).[1]

We find Foto Fantasy's argument unpersuasive. As an initial matter, we find Foto Fantasy's invocation of the exception articulated in *Modine* inapposite.[2] In *Modine,* a numerical range necessary to the definition of an indefinite claim limitation was contained in the sole embodiment of the relevant claim described in the specification. 75 F.3d at 1551 (concluding that the ambiguous claim language "relatively small" should be read in light of the numerical range of "about 0.015–0.040 inch" included in the written description). This is not an analogous case. Claim 1 recites a first and a second monitor as well as the ascribed functions of the first and second monitor. We can find nothing in claim 1 that is sufficiently ambiguous or undefined to require us to resort to the written description in construing the claim. *See Renishaw PLC v. Marposs Societa' per Azioni,* 158 F.3d 1243, 1248, 48 USPQ2d 1117, 1121 (Fed.Cir.1998) ("If we need not rely on a limitation to interpret what the patentee meant by a particular term or phrase in a claim, that limitation is 'extraneous' and cannot constrain the claim.") (citations omitted); *see also Hoganas AB v. Dresser Indus., Inc.,* 9 F.3d 948, 950, 28 USPQ2d 1936, 1938 (Fed.Cir.1993) ("It is improper for a court to add 'extraneous' limitations to a claim, that is, limitations added wholly apart from any need to interpret what the patentee meant by particu-

lar words or phrases in the claim.") (quoting *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1433, 7 USPQ2d 1129, 1131 (Fed.Cir. 1988)).

Additionally, it appears clear to us that the language relied upon by Foto Fantasy describing the advantage of "versatile control" not only does not require—but fails even to imply—any "comparison" of the real-time and frozen images. A description of the "selection" and "reselection" process precedes the language upon which Foto Fantasy relies. This description explains that "[i]f the frozen montage [i.e., composite image] is acceptable to the user," the user may cause it to be printed by "depress[ing]" the "print button." "If, however, the frozen montage is unacceptable, it can be released and the user can reselect a montage of acceptable form for subsequent printing." Thus, as described in the specification, the user's determination during the "reselection" process is limited to whether the frozen image is "acceptable" or "unacceptable," not—as Foto Fantasy asserts—whether the frozen image is better or worse than the real-time image. Accordingly, the written description does not support Foto Fantasy's contention that the asserted advantage of "versatile control" or the described "selection and reselection" process requires that the user be able to compare the real-time and frozen images. Thus, we cannot find that the written description provides the necessary "evidence to indicate that … limita-

---

**1.** *Abrogated on other grounds* by *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir.2000), *rev'd by* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002).

**2.** It is not clear to us that this is a case where the written description is "described as the invention itself." However, because we reject Foto Fantasy's argument on other grounds, we assume, *arguendo,* that the '453 patent

does present such a case. Accordingly, we specifically do not decide the question of whether this is a case "where the patentee describes an embodiment as being the invention itself and not only one way of utilizing it." *Autogiro Co. of Am. v. United States,* 181 Ct.Cl. 55, 384 F.2d 391, 398, 155 USPQ 697, 703 (1967); *see also Modine,* 75 F.3d at 1551, 37 USPQ2d at 1612.

tions must be imported into the claim[ ] to give meaning to disputed terms." *Constant v. Advanced Micro–Devices, Inc.,* 848 F.2d 1560, 1571, 7 USPQ2d 1057, 1065 (Fed.Cir.1988); *see also Specialty Composites v. Cabot Corp.,* 845 F.2d 981, 987, 6 USPQ2d 1601, 1605 (Fed.Cir.1988) ("Where a specification does not require a limitation, that limitation should not be read from the specification into the claims.") (citation omitted).

In sum, we conclude that the language of claim 1 requires only that the apparatus have a first and a second monitor, the first of which "reproduc[es] a real time image of the user as a background on the monitor screen" and the second of which "display[s] a composite of a user-created frozen real time image as a background and at least one user-selected computer-digitised image from the memory store as a foreground." Neither the claim language or the written description necessitates interpreting the claim to specify the simultaneous performance of these two functions.[3] We therefore hold that the district court erred by ruling that "the claim limitations require two monitors which display different images at the same time."

Finally, we note that Foto Fantasy also urges on appeal that the district court's claim construction was appropriate because it was necessary to prevent invalidity and also that the district court's construction was strongly supported by the '453 patent's prosecution history. The record before us indicates that the district court declined to hear argument on these issues, and the extent to which the district court relied on Foto Fantasy's invalidity and prosecution history arguments—if at all—is not reflected in the record before us. Accordingly, this court's holding is limited to the conclusion that neither the language of claim 1 nor the written description justified construing the claim to include the limitation that the first and second monitors perform their ascribed functions simultaneously.

## III

For the foregoing reasons, we vacate the partial summary judgment granted in favor of Foto Fantasy based on the district court's erroneous claim construction and remand to the district court for proceedings consistent with this opinion. And, as a result, Foto Fantasy's cross-appeal is dismissed as moot.

## COSTS

No costs.

---

**3.** Because claim 1 was drafted using the recognized term of art "comprising" in the transitional language, it is an "open" claim that must be construed as including the recited elements, but not excluding additional, unrecited elements. *See generally Georgia–Pacific Corp. v. United States Gypsum Co.,* 195 F.3d 1322, 1327–28, 52 USPQ2d 1590, 1595 (Fed. Cir.1999). Thus, there is no basis for concluding that the first and second monitors may not, in addition to performing their ascribed functions, also perform additional functions. Accordingly, the first monitor may—at some time or period of time during operation of the apparatus—perform the function ascribed to the second monitor and vice versa so long as each monitor also performs the functions ascribed to it by the claim.